(March 14, 1980)

■ In the Matter of ANTHONY F. VITETTA, an Attorney, Respondent.

GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has failed to appear or answer the petition herein containing the charges, although the time to do so has expired. Respondent was served on January 21, 1980, by substituted service pursuant to the order of the Presiding Justice dated January 17, 1980, with the petition containing the charges. Petitioner further moves for a default judgment on the ground that respondent failed to appear to answer the afore-mentioned petition. Although served with the notice of motion for a default judgment, respondent failed to answer. The respondent was admitted to the Bar by this court on December 9, 1954. The charges against respondent involve, *inter alia,* the following allegations of misconduct: after being retained to recover back taxes respondent neglected to answer three letters sent to him by one of his clients; after being retained to handle an estate for which he received a $2,500 fee, respondent neglected to answer several letters and telephone calls from the executrix; after being retained to represent clients in the sale of their home, respondent failed to maintain an escrow account and converted the $6,000 down payment to his own use; after being paid $500 to represent the purchasers of real property and after the closing of title occurred, respondent neglected to deliver to his clients the deed, a closing statement, copies of the mortgage documents and the title insurance policy; after being retained to process a loan with the Small Business Administration, the client gave respondent the deed to her business property, inventory statements, and copies of her business income tax returns; thereafter respondent failed to file the papers as requested by the Small Business Administration as a result of which the loan was canceled; after being retained and paid $750 to represent clients in the purchase of a retail clothing store, respondent failed to return the business papers to his clients; after being appointed by a court as coconservator of property, respondent failed to pay any of the medical bills submitted despite many telephone calls from the physician, offered no reason therefor and was later relieved by the court from this assignment; in relation to each and every of the afore-mentioned matters respondent failed to co-operate with the petitioner Grievance Committee by ignoring the many letters of the Grievance Committee, failing to comply with a judicial subpoena duces tecum and failing to communicate with petitioner in any way after being served with an order to show cause seeking to hold him in contempt for his failure to appear on the return date of the subpoena; thereafter this court held respondent in contempt and after being personally served with a certified copy of this court's contempt order, respondent took no action to purge himself and failed to pay the fine imposed by this court. The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Mollen, P. J., Hopkins, Damiani, Titone and Mangano, JJ., concur.